**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Kevin Harrington

    v.                                             Case No. 24-cv-096-JL-AJ

Warden, Northern New Hampshire
Correctional Facility


### Report and Recommendation

Self-represented Petitioner Kevin Harrington filed this action seeking release from prison on parole.  The court has construed Harrington's initial filing (Doc. No. 1) as a Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2241.  See Doc. No. 5.  The Petition is before the undersigned magistrate judge for preliminary review.[1]  See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4).


### Preliminary Review Standard

Under § 2254 Rule 4, a federal judge must screen habeas petitions and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

---

[1] The court considers Harrington's initial Petition (Doc. No. 1) and Petition Addenda (Doc. Nos. 6-13), along with their exhibits, to be the Petition in this case for all purposes.

in the district court, the judge must dismiss the petition." Id.; see also McFarland v. Scott, 512 U.S. 849, 856 (1994) (courts "are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  In conducting its § 2254 Rule 4 review, the court construes self-represented litigants' filings liberally.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

On March 13, 2020, following a jury trial in the Merrimack County Superior Court ("MCSC"), Harrington was convicted on charges of felony sexual assault, burglary, simple assault, and false imprisonment.  See State v. Harrington, Case No. 2020-0333, 2023 N.H. LEXIS 14, at *1, 2023 WL 2207417, at *1 (N.H. Feb. 24, 2023).  On June 22, 2020, the MCSC sentenced Harrington to serve a term of incarceration, and imposed additional suspended consecutive and concurrent sentences.  See State v. Harrington, No. 217-2019-CR-00891 (N.H. Super. Ct., Merrimack Cty. June 22, 2020).

In his Petition, Harrington alleges that he is entitled to release on parole, because the MCSC, when it imposed his sentences, ordered that the committed portion of his sentences would be suspended if he completed the prison's sexual offender

2

treatment program ("S.O.T.").  Such a suspension would render Harrington immediately eligible for parole.  Harrington alleges that he completed Stages I and II of the S.O.T. and was beginning Stage III when, on December 19, 2023, the S.O.T. director, Abbey Simon, removed him from the program.

Harrington alleges that Simon removed him from the program because she, and other S.O.T. staff members, determined that he was not a rapist, and instead had a mental health issue that required a different kind of therapy.[2]  Harrington claims that Simon, by making that determination, changed his sentencing order so that he was not required to complete the S.O.T., and only had to complete mental health treatment, to qualify for suspension of his minimum sentence, and eligibility for parole release.  Harrington does not state that the MCSC or any other state court amended his sentence.

With his Petition, Harrington submitted a copy of an April 12, 2024 Inmate Request Slip ("IRS") he sent to the (then) Warden of the Northern New Hampshire Correctional Facility

---

[2] In other filings in this case, Harrington indicates he was removed from the S.O.T. for "frivolous writeups."  The reason for Harrington's failure to complete the S.O.T. does not impact this court's recommendation in this matter, and the court thus declines to resolve the question at this time.

("NCF"), Corey Riendeau, concerning the requirements of his sentence.  That IRS stated:

> Everyone is deflecting real facts, things that are true, the Statement from the Director of S.O.T. that I was pulled out of on court order changed to mental health, no more S.O.T., an[d] no Kevin you are not a deviant rapist, . . ..  So Warden she got the power to ch[a]ng[e] court order, an[d] no rapist, my S.O.T. is completed an[d] I should be C-2.  My 2020 Mittimus, if S.O.T. is completed, then I can be C-2 an[d] [S.O.T.] Director said[:] Yes no more S.O.T. - No Rapist you in [Mental Health].

Doc. No. 6-1, at 3.  On April 17, 2024, Riendeau responded to that IRS as follows:

> Your information is incorrect it was not changed to mental health.  Mental health treatment and services will be provided along with [S.O.T.].  This has been explained in detail to you.  I will not change any orders nor do I have any authority over programming. I suggest you work towards lowering your classification and participating in required programming.

Id.

## Discussion

Harrington contends that he is entitled to immediate release from prison on parole.  A § 2241 petition for habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez,

411 U.S. 475, 484 (1973).[3]

> A habeas petition under § 2241 is appropriate to seek "relief from the manner of execution of a sentence . . .." Muniz v. Sabol, 517 F.3d 29 33-34 (1st Cir. 2008). Courts in the First Circuit take the view that to bring a claim under § 2241 for a violation of law in relation to a sentence's manner of execution, the petitioner must challenge, at some level, the validity or duration of his confinement . . ..

Vogel v. FCI Berlin, Warden, Civil No. 24-cv-82-JL-TSM, 2024 U.S. Dist. LEXIS 157137, at *11, 2024 WL 3993157, at *5 (D.N.H. Aug. 14, 2024) (citations omitted), R&R approved sub nom. Vogel v. US Att'y Gen., 2024 U.S. Dist. LEXIS 155176, at *1, 2024 WL 3991654, at *1 (D.N.H. Aug. 29, 2024).

Relief under § 2241 is only available, however, if the petitioner is in custody in violation of federal law. See 28 U.S.C. § 2241(c)(3). A state prisoner in New Hampshire does not have a right under the federal constitution, or any other federal law, to be granted parole. See Greenholtz v. Neb. Penal Inmates, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); Ainsworth

---

[3] To the extent Harrington may seek to challenge the validity of any conviction(s) underlying his present incarceration, such claims are appropriately litigated in a federal habeas corpus action brought under 28 U.S.C. § 2254.

v. Stanley, 317 F.3d 1, 5 (1st Cir. 2002) ( "inmates do not have a 'liberty right' to parole under" federal law).

> Both the New Hampshire parole statute and the administrative regulations governing the [Adult Parole Board ("APB")]'s conduct plainly provide that the APB has discretion in deciding whether to grant or deny parole to an eligible inmate.  See N.H. Rev. Stat. Ann. 651-A:6 (2011) (providing that the APB "may" grant parole to eligible inmates); N.H. Code Admin. R. Ann. Par-301.02 (providing that "[p]arole shall be considered a privilege").  The New Hampshire Supreme Court has repeatedly held that the APB has broad discretion in its parole decisions, and that the APB is not mandated to grant parole to an inmate, even where he meets certain conditions or criteria.  See Knowles v. Warden, 140 N.H. 387, 389, 666 A.2d 972, 974-75 (1995); Cable v. Warden, State Prison, 140 N.H. 395, 398, 666 A.2d 967, 969 (1995).

Dupont v. N.H. Adult Parole Bd., No. 11-cv-156-SM, 2011 U.S. Dist. LEXIS 150902, at *10, 2011 WL 6934778, at *4 (D.N.H. Dec. 19, 2011), R&R adopted, 2012 U.S. Dist. LEXIS 15085, at *1, 2012 WL 405505, at *1 (D.N.H. Feb. 8, 2012).  "Because New Hampshire provides an opportunity for parole to its prisoners as a privilege, not a right, it has not created a liberty interest in the opportunity for parole."  Id. (citing Reid v. Stanley, Civ. No. 04-cv-369-JD, 2006 U.S. Dist. LEXIS 45875, at *12, 2006 WL 1875355, at *4 (D.N.H. July 6, 2006)).

Accordingly, the failure to grant Harrington parole does not implicate his due process rights, and cannot form the basis

of a cognizable habeas claim for relief.  The district judge, therefore, should dismiss Harrington's § 2241 Petition.

### Conclusion

For the foregoing reasons, the district judge should dismiss the Petition (Doc. Nos. 1, 6-13) in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court.  See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal.  See id.  Failure to file any objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

April 23, 2026

cc: Kevin Harrington, pro se